Good morning, your honors, and may it please the court. Lola Kingo appearing on behalf of petitioner Mr. Leonardo Verdugo-Gonzalez. I am joined by... I'm sorry, how do you say your last name? Kingo. Kingo, that's what I thought. I thought you said Shingo for a minute. And I thought, we've got a different person here. In fact, if you could pull the mic a little closer, the acoustics in this room are just terrible. Got it. Is that better? It is, thanks. Great. I am joined by co-counsel Magna Subramanian and Nicole Valco. I would like to reserve two minutes for rebuttal. Sure. Your honors, Mr. Verdugo is eligible for cancellation of removal because his conviction for the receipt of stolen property under California Penal Code Section 496A is not a qualifying aggravated felony. It is our position that Section 496A is categorically overbroad because it allows for the punishment of conduct that is essentially consistent with accessory after the fact liability, as is defined in Section 32 of the California Penal Code. Counsel, in this particular case, as you know, there are a series of cases probably, maybe you don't know, a series of cases today that deal with a similar issue. And when you get right down to it, first of all, what your client is charged with is not being an accessory after the fact, but aiding the crime. He's a principal. And Duenas-Alvarez says that we're not supposed to be going into flights of fancy as to what might happen in terms of the categorical analysis. Why is that an incorrect approach to this case, that we should look at this? Your client aided in the sale of the stolen property. That's a principal situation. There's no possibility of an accessory in this situation. And under Duenas-Alvarez, we never get to the hypothetical. Well, Your Honor, I would submit that under Vidal, if a statute allows for the conviction of an accessory after the fact, then that statute is categorically overbroad. And here, the Section 496A's ---- Well, that was a statute that specifically provided accessory was a violation. This statute does not. Well, my reading of the statute is that it allows for the conviction of one who aids in the concealing or withholding a selling of stolen property. But what it requires is knowledge that the property is stolen and participation in the withholding of the property from the rightful owner. The problem in the Vidal case is that an accessory after the fact who was involved only in helping to hide the culprit could be convicted as an accessory after the fact with no participation whatsoever in the underlying crime. Here, you have to have the participation in the underlying crime. Not necessarily, Your Honor. If one ---- Well, how can you be convicted of this statute, of this violation, without participating in the crime if you've received the property, if you're aiding in the receipt of the property, if you know, and the statute specifically appears to require knowledge that the property is being withheld from the rightful owner? Right. How do you not participate? Well, because if one is merely aiding in the concealment of stolen property, that could happen as an accessory after the fact if, for example, the accessory after the fact knows that somebody is in the receipt of stolen property or is concealing stolen property, and then when questioned by police, they lie with the intent of aiding the principal in that underlying offense. Right there, that by definition would be conduct consistent with being an accessory after the fact, but it would also be consistent with aid, with conduct that constitutes of aid in concealing or withholding stolen property. Let's assume for discussion purposes that it is overbroad. I don't in any way concede that, but say it is. Don't you lose under the modified categorical analysis? No, Your Honor. First, because the complaint which is available on page 708 of the administrative record charges two defendants, Mr. Verdugo and Mr. Gutierrez, with violating section 496a, if section 496a is overly broad because it allows for the conviction of accessories after the fact, here we have the complaint which recites the language of section 496a, and because it recites the language of section 496a and does not in the offense, then at that point we can't look to the complaint only to determine what the role of Mr. Verdugo was in the commission of the offense. Well, here you've got both the complaint and the plea transcript, which together show that he didn't plead guilty as an accessory after the fact, but rather pleading guilty to 496a violation as a principal. Well, Your Honor, when Mr. Verdugo pled guilty and we look at the plea transcript, he's pleading guilty to violating count one, which is count one of the complaint, which, again, recites this broad language of section 496a. Well, actually what it said was that Verdugo Gonzalez, in quotes, did conceal and withhold and aid in concealing and withholding said property known to be stolen from the owner. And then he pled to the following, a violation in count one, that being a violation of 496a of the penal code as a felony, that you were in unlawful possession of certain property to which checks from Desert Box and Supply, which you knew the property had been obtained by theft and that you basically were withholding it from the lawful owner. That's all actions of a principal. It has nothing to do with someone who's an accessory after the fact, isn't it? Well, Your Honor, I have two responses to that. First, right after that guilty plea, the Court asks what the factual basis of that plea is, and the counsel corrects the judge and says that there is no factual basis for that plea because it's an Alford plea. Second, that language is, I submit, confusing. Indeed, the immigration judge, when looking at this particular language, was not confident and could not say that he's confusing about it. It seems eminently clear. I mean, it specifically says what, even what he had and what he did. But again, that's that the plea references count one of the complaint, and because it references count one of the complaint, which includes that overly broad language. Well, I, with respect, counsel, when we talk about the categorical analysis, that's where we talk about overly broad language. But if, for our discussion, if we put that aside for a minute and we get to the modified categorical analysis, then we put aside whether it's overbroad. We're looking strictly whether the charging documents and the documents that are in front of the IJ meet the qualifications of our court to show that a specific crime has been committed. It has nothing to do with the broadness of the charge in the first instance. You've got the complaint, the felony complaint that alleges this man acted as a principal. Then you have the plea colloquy that says exactly what he did as well in reference to count one. Isn't that enough? Respectfully, Your Honor, I disagree. Under Malta-Espinoza and Vidal, if you have a statute that is overbroad and the defendant pleads guilty to violating that statute, which is overbroad, and so what you're basically saying is that there's really no such thing as a modified categorical analysis. Once a statute is overbroad, then the government's just out of luck. Not at all, Your Honor. If the defendant pleads guilty to the language in the statute that is specific that is, that constitutes a generic offense, then that is sufficient of the modified categorical approach. So if all that happened was the ‑‑ if the felony complaint says this person is charged with violating 496A and the plea agreement says I agree I violated 496A, then maybe you would have a point. But that's not what happened here. The felony discussed in some detail exactly what he did, and the plea colloquy discussed exactly what he did. That gets you beyond the issue of whether the statute was overbroad, doesn't it? Well, respectfully, Your Honor, again, because he entered into an Alford plea, the factual basis of that, the facts that are recited in that guilty ‑‑ we can't take those facts that are recited in the guilty plea and rely on them to conclusively determine that Mr. Verdugo pled guilty to conduct that constitutes the generic offense. And then the immigration judge also struggled with this language and, therefore, decided to rely on the police reports to necessarily conclude that Mr. Verdugo's role in the offense was as a principal or an aide or an abettor. But it's our position that the police reports could not have been ‑‑ should not have been relied on because those police reports were not ‑‑ did not form the factual basis of Mr. Verdugo's plea. We've got about a minute left, Ms. Kinga. Did you want to reserve that? Yes, Your Honor. Thank you very much. Hello again. Hello. May it please the Court, Zoe Heller on behalf of the Attorney General. This case involves a native and citizen in Mexico who has conceded his removability for a conviction of a controlled substance and who sought the sole relief in the form of cancellation of removal. Here the agency found that based on Mr. Verdugo's conviction under California Penal Code 496A for receipt of stolen property, he was statutorily ineligible for cancellation of removal because his conviction constituted an aggravated felony offense. Here, Your Honor, Petitioners arguing that the statute is overbroad because it could include accessory after the fact liability. As Your Honors pointed out, the case is easily distinguishable from Vidal, wherein the statute at issue actually used the words accessory after the fact. Suppose Judge Smith says to me, I just bought a stolen ring. If you see the cops come looking for me, tell them I've been out of town for a month. What would my liability be under California law? Well, Your Honor, I will preface this with I am not a Californian. I've never practiced in California to know what you would be convicted of. Well, if I could be convicted under the statute, wouldn't that then be accessory liability? Well, here California law, there is a separate provision, Section 32, for accessory after the fact liability. So in Dornos Alvarez, the Supreme Court put the burden on the Petitioner to demonstrate that the State would implement the statute in the overbroad context that they argue. So here Petitioner has not come forth with any examples. Rather, the California case law supports the interpretation of 496A as a separate offense from accessory after the fact liability. There are several cases. There's People v. Donnell, People v. Stoddard, Ex parte Golden, which goes partly back. What are these cases that you're mentioning? What do they say? These cases talk about the distinction between being convicted for receipt of stolen property and a separate conviction for accessory after the fact. I will just quote from People v. Donnell, and I will – I do not know if this was cited in Respondent's Brief, and I would be happy to, of course, supplement this record to the Court. But in that case, the Court found, although the defendant could have been charged with theft upon the theory that he was an accessory thereto, still he was guilty of receiving stolen property taken and exported by his confederates. Quoting – Well, if you're telling us that I could be charged under this statute as an accessory under California – under these California cases, you lose, don't you? You would be – there would be a separate conviction. No, no, no. I'm sorry if I'm not being clear. There's a separate – you would be charged under, my understanding, California Penal Code Section 32, which specifically is an accessory after the fact. You would be – My question to you was, could I be charged under the – my hypothetical under 496A? No, you could not. You would be charged with accessory after the fact to the theft. There is no provision or reading into 496A that if you are convicted of that, that someone could be convicted of accessory after the fact to receiving stolen property. The board in matter of Cartiel went through this analysis, and we provided it to this Court in a 28J letter, and addressed the argument whether or not someone could be convicted as an accessory after the fact. And the board there went through the analysis that – as I attempted to lay out for this Court, which is you would be – you cannot be charged with accessory after someone received the property. You – the only – you would be an accessory after the original theft. Receiving stolen property is a felony offense in and of itself. And reading into the terms, as Petitioner has conceded, there are the words aiding and abetting, not accessory after the fact. And again, under this Supreme Court's decision, Dornis Alvarez, whether or not your – the statute contains the words aiding and abetting, it is treated akin as a principle to the predicate offense. So this, again, this case is easily distinguishable from Vidal. Should this Court go to address the modified categorical approach, again, there is ample record evidence consisting of both the complaint, the minute order which the Supreme Court in Stellenberger said this Court can rely on in undergoing a modified categorical approach, an abstract of judgment, the plea colloquy where Mr. Verdugo, in fact, admitted his guilt. Well, he entered an Alford plea, right? He entered an Alford plea. That's correct. But before – What is the significance that it's an Alford plea and not just a regular guilty plea? The Alford plea, my understanding of it, is you can plead guilty to the offense, but you're still maintaining your underlying innocence. Okay. So it's basically a denial of the facts, but an agreement to accept a guilty conviction. Correct. So then the judge, it's incumbent on the judge to find a factual basis since he's denying his guilt, as you just said. Right. And here there was a colloquy with – Here the judge says, can I look at the police reports? And they say no. They said we entered an Alford plea, and that was the end of that. So where is the factual finding for this? Again, we still can rely on all of the documents, the judicially noticeable documents as outlined in Shepard, as well as the colloquy where Mr. Verdugo did concede when the – when the – I'm sorry, the criminal judge went through and specifically asked him to a violation in count 1, and I'm quoting from AR-755, that being a violation of 496A of the Penal Code of Felony occurring on January 21st, 2004 in the county of Riverside, State of California, that you were in unlawful possession of certain property. And at the end of all of that, I mean – Yes. He says guilty. It's an Alford guilty plea, and it says so on the plea agreement, which you acknowledge correctly is a denial of guilt. But the legal implications are still in force, and as this court – I'll tell you, I was – I was really surprised to see that the judge made no effort to find a factual basis for the plea. We see Alford pleas, you know, by the hundreds here, and it's the role of the plaintiff's plea to make sure that there's a factual basis for it, and the judge just simply dropped the ball here. Well, again, I can only go on what is in the record before. Well, that's what is in the record. He didn't do it. Correct. And so, again, but we have these other judicially noticeable documents that this Court can take into consideration in undergoing the modified categorical approach, which we believe the Court need not get into that next step in making the determination that Mr. Verdugo was convicted of a crime, that the element satisfied the generic definition of a theft offense. And the plea colloquy in all of the documents do establish that he did admit his guilt to all the elements that would establish a generic theft offense, which is what's necessary under the modified categorical approach. Okay. And if this Court has no further questions. Thank you, Ms. Heller. Thank you. Ms. Kingo, you get the last word. I think you've got about a minute left. Your Honors, I'd like to make two points on rebuttal. The first is that here, because the California Penal Code, Section 496A, does not limit the circumstances under which aid subject to punishment is given, that means that that statute necessarily includes accessory after the fact liability. One can be in receipt of stolen property, and that's a principle. We agree. But after that person's in receipt of the stolen property, they may conceal it, et cetera, et cetera. They may even dispose of it. And then another, a second person, an actor, may come in and lie to the police about where that property is. And they're providing that aid with the intent of having the principal evade liability. So how does that not fall within the generic definition of theft? It does not fall within the generic definition of theft because that second actor who lies to the police is, in fact, an accessory after the fact by definition. They can be an accessory after the fact. They can be both. But my question is, what lies outside the generic definition of theft? If somebody's an accessory after the fact to the receipt of stolen property, Your Honor, they are not a – that does not constitute the generic definition of theft, and that was outlined in Vidal. Well, you've just given me a declaration. You haven't given me an explanation of what lies outside the generic definition. The accessory after the fact conduct. No, no, no. What lies outside – let's accept your factual premise that what he did here was help the thief or the person who received the stolen property. Now, go to the definition offered in your brief on page 10 as the generic definition of theft and tell me what lies outside that definition. The difficult – the reason why it lies outside of the definition of a theft offense is because if the person – that is because this definition only includes pre-offense conduct, that is, acting as a principal, acting as an accomplice, and – or acting as an aide or an abettor, as defined in Vidal. But once a person is an accessory after the fact, two or – You're setting up a straw man. We've got a conviction for a – under the California statute. You're trying to tell me let's assume the person's an accessory after the fact. I'm dealing with a conviction not under Section 32 for accessory after the fact, but a conviction under 496a. If you look at what's covered by 496a, if you look at what's covered by the generic definition, what's the difference? The difference is that Section 496a allows for the conviction of one who aids in concealing. And I would submit, Your Honor, that somebody who aids in – Aids in concealing the property. Correct. Not the felon, but the property. Correct. And that is a – that encompasses broad conduct. Somebody who lies to a police officer would, by definition, be aiding in the concealment of the property. And how is that not within the generic definition? Because that would then be accessory after the fact. That's not an answer. Your Honor, that it's accessory after the fact doesn't tell me that it's not within the generic definition. And my question is, how is it not within the generic definition? Your Honor, it's because in Vidal, this Court concludes – Vidal says that in a statute that provides directly for accessory liability, it's not – it's not necessarily going to fall within the generic definition. I understand that as it happened. I dissented in Vidal, but I understand that. But we don't have a statute here that has the word accessory in it. And I'm trying to figure out what under 496A isn't covered by the generic definition of theft. And all you've told me several times now is that, well, it could be accessory after the fact. You show me a conviction under 496A that doesn't involve – or tell me how a conviction under 496A doesn't involve the generic definition of theft that I might be persuaded. But so far, all you've told me is something separate, that it's – it could be accessory after the fact, which doesn't answer the question, because it doesn't tell me why it's not within the generic definition. So what is it that's missing under the generic definition? Because section 496A uses the term aid, and that includes broad conduct, my position is that that broad conduct could necessarily include conduct that's consistent with being an accessory after the fact. And where somebody helps a police officer after the commission of the crime has already occurred, then at that point they would be an accessory after the fact. And even though technically they have violated section 496A, I think that is the problem, that it's accessory liability and violating section 496A. Roberts. Okay. Thank you, Ms. Kingo. Ms. Heller, thank you as well. The case is disargued. It's submitted. Ms. Kingo, we also want to thank you very much for taking this appointed case and doing it so ably. Thank you very much. Thank you. The case is submitted.
judges: Silverman, Clifton, Smith M.